UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON BANKS,<br><br>                Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN, *Warden*,<br><br>                Respondent. | Case No. LA CV 16-6383 AG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), [Dkt. No. 1], Respondent's motion to dismiss the Petition ("Motion"), [Dkt. No. 6], Petitioner's Opposition to the Motion ("Opposition"), [Dkt. No. 10], the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 14], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 15], Respondent's Reply to the Objections ("Reply"), [Dkt. No. 17], the remaining record, and has made a *de novo* determination.

      In his Objections, Petitioner generally reiterates the arguments set forth in his Opposition. There are two issues, however, that warrant brief discussion here.

//

### A. The California Supreme Court's Denial of Petitioner's Petition for Review

First, Petitioner argues again that his appellate proceedings did not conclude when his petition for review was denied by the California Supreme Court, because the California Supreme Court: (1) specifically named Petitioner as a party to his co-defendant's petition for review proceedings; and (2) appointed private counsel for Petitioner to represent him during these proceedings. (Objections at 2-3.)

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal petition for writ of habeas corpus ordinarily must be filed within one year of the date on which the state court judgment becomes "final," *i.e.*, within a year of the conclusion of direct appellate review, or of the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). If the petitioner seeks direct review from the highest state court but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition elapses. *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999); *see also Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

Here, and as explained in the R&R, Petitioner's claim fails because the record clearly shows that the California Supreme Court denied his petition for review on December 11, 2013, and that the granting of Matthews' petition for review had no impact on Petitioner. (*See* R&R at 4-5.) The docket entry denying review of Petitioner's direct appeal states: "Petitioner [Troy] Matthews' petition for review is granted. Review is confined to the following issues: Was the evidence sufficient to establish that *Matthews* was a "major participant" within the meaning of Penal Code section 190.2, subdivision (d)? Does the true finding on the special circumstance violate due process (citations omitted)?" *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2058213&doc_no=S21389 (emphasis added). The *same* docket entry then states: "**Petitioner Banks' petition for review is denied**." *See id*. (emphasis added).

2

Furthermore, in its subsequent opinion, the California Supreme Court expressly stated that it "address[ed] only those facts relevant to *the narrow issue on which* [*it*] *granted review*, whether *Matthews* can be found guilty of special circumstance murder and sentenced to life imprisonment without parole." *People v. Banks*, 61 Cal. 4th 788, 794-95 (2015) (emphasis added). As such, it is not relevant that Petitioner remained a party and was appointed counsel for the purposes of determining when the limitations period began.

Moreover, as Petitioner concedes, there is currently no case law that directly addresses why it is relevant for AEDPA purposes that a petitioner remains a party in a co-defendant's appeal, and that the state supreme court appoints counsel for the petitioner upon granting the co-defendant's petition for review. Therefore, because Petitioner did not file this Petition until August 25, 2016 — over two years after his conviction became final on March 11, 2014 — the Petition is facially untimely.

**B.     Equitable Tolling**

Second, and in the alternative, Petitioner argues that he is entitled to equitable tolling because he was affirmatively misled by his status as a party in Matthews' continuing appeal, and by his appointment of counsel. (Objections at 7-8.)

Generally, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Although a petitioner who was "affirmatively misled" by a federal or state court's erroneous instructions may be entitled to equitable tolling, a petitioner "must point to *affirmative* inaccuracies in statements made to him by the [court], not merely to his 'misunderstanding of accurate information.'" *Marble v. Attorney Gen. for Montana*, 601 F. App'x 591 (9th Cir. 2015), *cert. denied sub nom. Marble v. Fox*, 136 S. Ct. 263 (2015) (emphasis in original) (internal citations omitted); *see also Sossa v. Diaz,* 729 F.3d 1225, 1235 (9th Cir.2013); *United States v. Buckles,* 647 F.3d 883, 892 (9th Cir.2011).

Here, Petitioner's claim is insufficient to warrant equitable tolling. As explained above, the docket entry granting Matthews' petition for review expressly denied Petitioner's petition for review. *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2058213&doc_no=S21389. Additionally, the docket's elaboration on the issues to which review was confined indicates that those issues pertained only to Matthews' conviction. *See id*. As such, the California Supreme Court's naming of Petitioner as a party to Matthews' petition for review proceedings, and appointing of counsel to represent Petitioner, could not have "affirmatively misled" him as to when his conviction became final for AEDPA purposes. *See Buckles*, 647 F.3d at 891. Therefore, Petitioner's misunderstanding does not justify equitable tolling, and his Petition remains untimely. *See Marble*, 601 F. Supp. App'x at 592.

//

//

//

//

//

//

//

//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: June 26, 2017

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

Hon. Jay C. Gandhi
United States Magistrate Judge